————o————

## No. 4803.

## Court of Appeal, Parish of Orleans.

### FRED O. HOWE VS. ADAM & STEINBRUGGE.

One who in making a contract designates himself as Agent, or Agent for the Owner, but fails to disclose the name of his principal, is to be considered and treated as being himself the principal, and may sue as well as be sued as such.

Appeal from the Civil District Court, Division "B."

Dart & Kernan, for Plaintiff and Appellee.

Rice & Montgomery, for Defendant and Appellant.

ST. PAUL, J. On July 10, 1906, defendants, who are exporters, engaged to supply and deliver to the steamship "Sark," and ship by her ten carloads of lumber on which they were to pay freight. This engagement was made with plaintiff, who styled himself "agent for charterers and owners," but otherwise named no principal.

Defendants failed to comply with their engagement and plaintiff now sues in his own behalf for damages occasioned by this breach of contract, to-wit: difference in freight on cargo taken on board to supply the place of lumber not delivered, extra cost of wharfage and stowing, and loss of dispatch money owing to delay.

At the inception, defendants filed an exception of no cause

—400—

of action, which was referred to the merits. Plaintiff then amended, setting forth that he was himself the charterer, and defendants objected that this amendment substantially changed the issue. Their objection was overruled and the case was tried on the merits, resulting in a judgment against defendants from which they have appealed.

We are of opinion that the exception is not well founded. Plaintiff, not having disclosed the name of any principal, was himself the principal. An agent is one who transacts business not only *for another*, but *in his name*.

Where no one else is known in the transaction but the alleged agent, it is clear that the other party has dealt only with him, and given credit to him alone. Hence he is himself the principal and may sue or be sued as such.

Accordingly the amended petition was wholly unnecessary; nor does it in any manner change the issue. In law plaintiff was the principal, and the amendment simply shows that he was the principal in fact as well as in law.

On the merits we think plaintiff has been allowed too much.

It is not disputed that sometime after making the contract plaintiff voluntarily agreed to a change by which defendants were privileged to furnish only five carloads instead of ten. Plaintiff can not now by his sole act revive the obligation in full.

The loss on these five carloads was $106.14. It is also shown that plaintiff paid extra wharfage, etc., amounting to $25. But the evidence (taken principally by commission) does not establish with anything like legal certainty that the vessel was detained as much as three days exclusively by defendants' breach of contract.

Ten days after the vessel cleared plaintiff fixed the delay at one day (though the statement is qualified as *at least* one day), and that statement, even though made "without prejudice" is much more likely to be correct than the testimony of witnesses taken nearly three years afterwards, one of whom clearly testified from hearsay, another of whom qualified his statement *ex industria* as only "to the best of his recollection," and the last of whom, after first stating that he lost all of his records and that his recollection is not distinct, volunteers the statement, apparenly not all at once, in answer to the general request to state any other facts bearing on the case, although there was nothing

in any previous interrogatory which would indicate what the matter in controversy might be or what bearing his statement might have thereon.

We are of opinion that plaintiff should recover one day's time for the vessel, $93.42; for wharfage, etc., $25; for difference in freight, etc., $106.14, in all $224.54.

It is therefore ordered that the judgment of the District Court be amended by reducing the amount allowed plaintiff from $457.15 to Two Hundred and Twenty-four Dollars and Fifty-four Cents ($224.54), and as thus amended it is affirmed. Appellee to pay costs of appeal.

June 21, 1909.

Rehearing refused June 29, 1909.